Bowlin *v.* Pearson.

SMITH BOWLIN, for the use of TOWNSEND FUGATE, *v.*
R. W. & B. F. PEARSON.

VENDOR'S LIEN. *Does not pass to assignee of purchase note. When.* A
vendor of land sold, the deed to which retains no express lien for the
purchase money, cannot bring suit on the purchase note for the use
of his assignee of the note, so as to fix or create a lien in his favor.
The lien of the vendor was a personal right in the first instance,
and did not pass by simple endorsement of the note.

Case cited: Green *v.* Demoss, *et als.,* 10 Hum., 374.

FROM REDFORD.

No record can be found.

FREEMAN, J., delivered the opinion of the Court.

This bill is filed to enforce a vendor's lien, under
the following state of facts:

In 1860, R. W. Pearson bought a small tract of
land, about thirty-eight acres, from Smith Bowlin,
giving his note, due the 25th day of November after,
for $507 70, stating on its face it was the first pay-
ment on thirty-eight acres of land. Smith Bowlin as-
signed this note, waiving demand and notice, March
30, 1860, to Townsend Fugate, the real consideration of
the transfer being the payment of an execution held by
Fugate against said Bowlin. On December 4, 1866,
Fugate recovered a judgment on this note against Pear-

son, the maker, and Bowlin, the endorser, on which execution issued, which was returned "no property to be found" by the Sheriff, and so far as appears in this record, the note, or judgment remains unpaid.

The land had been conveyed by and from Bowlin to Pearson, but no lien retained on the face of the deed. On the 12th of April, 1861, R. W. Pearson sold and conveyed the land so purchased from Bowlin to his brother, B. F. Pearson, executing a deed in fee simple to him for the same. The consideration paid by B. P. Pearson was notes held by him for money loaned to R. W. Pearson, in 1860. These notes were given up to R. W. Pearson at the time, and he proves he had them in his possession when his deposition was taken.

The bill is filed in the name of Bowlin for the use of Townsend and Fugate, alleging the above facts, and, in addition, that B. F. Pearson had notice that the land had not been paid for, and this note still due, and, in fact, at one time had promised to pay it. It is, therefore, charged expressly that he is not an innocent purchaser for value without notice.

An amendment was permitted to be made by the Court to the bill March 1, 1872, the day of the hearing, and at the hearing, to the effect that Bowlin had been held responsible on his endorsement of said note, by the judgment referred to, and that the "same remains in full force unsatisfied." This evidently means, that Bowlin had been adjudged liable on his endorsement, not that he had paid and taken up the note.

The first question is, on this state of facts, and in the form of the bill, is there any lien at all as against the respondents which can be enforced?

In the case of *Green* v. *Demoss, et als.*, 10 Hum., 374, the rule was laid down that where a conveyance was made, and no lien retained on the face of the deed, the vendor's lien was a personal right in him for his security, but does not pass by the simple assignment or endorsement of the note to a third person. Indeed, it is said, in general terms, "it is not assignable," by Judge McKinney; but in this he only means, as is evident from the connection, not assignable or transferable by simple assignment of the vendee's notes, no specific contract to that effect being in the case, and that question not before the Court, that is, the question of the right of the vendor to assign and transfer his lien or equity by contract, superadded to, or in addition to the simple endorsement or assignment; the general rule being, that all legal or equitable rights may be assigned or transferred by a party owning or entitled to them.

Passing from this, however, it is clear the lien did not pass to Fugate by Bowlin's assignment of the note to him. Do the other facts in the case relieve from this difficulty? In the above case it is held, that the lien is to secure the vendor in his purchase money, and if he endorse the note without responsibility on his part, or he be released or discharged by his contract of all responsibility, the lien is paid off or discharged. The Court then lay down the principle that

if the vendor be made liable upon his endorsement, or voluntarily takes back the paper, the lien will be regarded as suspended merely in the meantime, and will be remitted to his equitable right, and may enforce the lien against his vendee, as if no such assignment had been made. It is clearly meant, when taken in connection with the entire argument, as well as principle definitely decided by the case, that if the endorser has been compelled to pay the note, by suit, on his endorsement, or in any way becomes the owner of the note, then he may enforce the personal security of the lien for his own benefit, otherwise we would have the case of a party entitled to enforce a lien for the payment of a debt to which he himself was not entitled, on the contrary, one that belonged to his assignee.

But this case presents the simple question, not whether the endorser can still file the bill, when he is not owner of the debt or note it secures, but whether he can do so for the use of his endorsee, who, beyond all question, has no lien by virtue of the assignment of the note. If this can be done, it is in effect to overrule the doctrine of the case of *Demoss* v. *Green*, that the assignment does not pass the lien to the assignee, for if he can have the benefit of the lien by using the name of his endorser, it is practically the same thing as if it was his own. In fact, it cannot be sustained, except on the principle that the legal right is in the endorser, and the equitable right in the assignee, for whose use the bill is brought. But the case holds distinctly, that the lien does not pass to the assignee,

therefore he has no use for which the endorser can sue. In equity, however, the party for whose use the suit is brought is the real party, and as he has no right to enforce a lien, having none to enforce, the bill must fail in its present form in any aspect of the case. Whether the endorser may or may not file a bill before payment of the note, or becoming owner of it again, in this view, makes no difference. He has brought no bill for his own use, to enforce rights of his own, but only to enforce rights for use of his assignee, who has none.

We, therefore, think the bill must be dismissed, reversing the decree of the Chancellor, with costs.